IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN F. BURKE, | : | |
| | : | |
| Plaintiff | : | Civil Action |
| | : | |
| v. | : | No. 11-cv-07718 |
| | : | |
| SPS TECHNOLOGIES, LLC; | : | |
| | : | **ANSWER AND AFFIRMATIVE** |
| , | : | **DEFENSES** |
| | : | |
| Defendants | : | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant SPS Technologies, L.L.C. ("Defendant" or "SPS"), by and through its attorneys, Jackson Lewis LLP, for their Answer and Affirmative Defenses to the Complaint ("Complaint") state as follows:

### JURISDICTION AND VENUE

1. The allegations contained in paragraph 1 of the Complaint set forth conclusions of law to which no answer is required. To the extent Plaintiff makes factual allegations in paragraph 1 of the Complaint, they are denied.

2. The allegations contained in paragraph 2 of the Complaint set forth conclusions of law to which no answer is required. To the extent Plaintiff makes factual allegations in paragraph 2 of the Complaint, they are denied.

3. Denied.

4. Defendant lacks sufficient information to admit or deny the allegations in paragraph 4 of the Complaint, and therefore deny such allegations.

5. Defendant lacks sufficient information to admit or deny the allegations in paragraph 5 of the Complaint, and therefore denies such allegations.

6. Defendant lacks sufficient information to admit or deny the allegations in paragraph 6 of the Complaint, and therefore denies such allegations.

**PARTIES**

7. Defendant lacks sufficient information to admit or deny the allegations in paragraph 7 of the Complaint, and therefore denies such allegations.

8. Admitted in part, denied in part. Defendant admits only that SPS is located at 301 Highland Avenue, Jenkintown, PA 19046 and that it is a manufacturer of engineered fasteners, fastening systems, metal components and assemblies. The remaining allegations in paragraph 8 of the Complaint are denied.

**FACTUAL BACKGROUND**

9. Defendant lacks sufficient information to admit or deny the allegations in paragraph 9 of the Complaint, and therefore denies such allegations.

10. Admitted in part, denied in part. Defendant admits only that Plaintiff was hired by Defendant on March 19, 1979. The remaining allegations in paragraph 10 of the Complaint are denied.

11. Admitted in part, denied in part. Defendant admits only that Plaintiff was terminated by Defendant on April 8, 2011. The remaining allegations in paragraph 11 of the Complaint are denied.

12. Admitted in part, denied in part. Defendant admits only that Plaintiff earned approximately $31.75 per hour. The remaining allegations in paragraph 12 of the Complaint are denied.

13. Defendant lacks sufficient information to admit or deny the allegations in paragraph 13 of the Complaint, and therefore denies such allegations.

14. Defendant lacks sufficient information to admit or deny the allegations in paragraph 14 of the Complaint, and therefore denies such allegations.

15. Defendant lacks sufficient information to admit or deny the allegations in paragraph 15 of the Complaint, and therefore denies such allegations.

16. Defendant lacks sufficient information to admit or deny the allegations in paragraph 16 of the Complaint, and therefore denies such allegations.

17. Defendant lacks sufficient information to admit or deny the allegations in paragraph 17 of the Complaint, and therefore denies such allegations.

18. Denied.

19. Defendant lacks sufficient information to admit or deny the allegations in paragraph 19 of the Complaint, and therefore denies such allegations.

20. Denied.

21. Denied.

22. Denied.

23. Defendant lacks sufficient information to admit or deny the allegations in paragraph 23 of the Complaint, and therefore denies such allegations.

24. Defendant lacks sufficient information to admit or deny the allegations in paragraph 24 of the Complaint, and therefore denies such allegations.

25. Defendant lacks sufficient information to admit or deny the allegations in paragraph 25 of the Complaint, and therefore denies such allegations.

26. Defendant lacks sufficient information to admit or deny the allegations in paragraph 26 of the Complaint, and therefore denies such allegations.

27. Defendant lacks sufficient information to admit or deny the allegations in paragraph 27 of the Complaint, and therefore denies such allegations.

28. Denied.

30. Defendant lacks sufficient information to admit or deny the allegations in paragraph 30 of the Complaint, and therefore denies such allegations (Plaintiff's Complaint does not contain a paragraph number 29).

31. Defendant lacks sufficient information to admit or deny the allegations in paragraph 31 of the Complaint, and therefore denies such allegations.

32. Defendant lacks sufficient information to admit or deny the allegations in paragraph 32 of the Complaint, and therefore denies such allegations.

33. Defendant lacks sufficient information to admit or deny the allegations in paragraph 33 of the Complaint, and therefore denies such allegations.

34. Defendant lacks sufficient information to admit or deny the allegations in paragraph 34 of the Complaint, and therefore denies such allegations.

35. Defendant lacks sufficient information to admit or deny the allegations in paragraph 35 of the Complaint, and therefore denies such allegations.

36. Denied.

37. Defendant lacks sufficient information to admit or deny the allegations in paragraph 37 of the Complaint, and therefore denies such allegations.

38. Defendant lacks sufficient information to admit or deny the allegations in paragraph 38 of the Complaint, and therefore denies such allegations.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Defendant lacks sufficient information to admit or deny the allegations in paragraph 45 of the Complaint, and therefore denies such allegations.

46. Denied.

47. The allegations contained in paragraph 47 of the Complaint set forth conclusions of law to which no answer is required. To the extent Plaintiff makes factual allegations in paragraph 47 of the Complaint, they are denied.

48. The allegations contained in paragraph 48 of the Complaint set forth conclusions of law to which no answer is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever. To the extent Plaintiff makes factual allegations in paragraph 48 of the Complaint, they are denied.

49. The allegations contained in paragraph 49 of the Complaint set forth conclusions of law to which no answer is required. To the extent Plaintiff makes factual allegations in paragraph 49 of the Complaint, they are denied.

## COUNT I
### VIOLATION OF AGE DISCRIMIANTION IN EMPLOYMENT ACT
### 29 U.S.C. § 621 et seq.

50. Defendant incorporates by reference paragraphs 1 through 50 of the Complaint, as set forth herein in their entirety.

51. Denied. To the extent the allegations contained in paragraph 51 of the Complaint set forth conclusions of law, no answer is required.

52. Denied. To the extent the allegations contained in paragraph 52 of the Complaint set forth conclusions of law, no answer is required.

53. Denied. To the extent the allegations contained in paragraph 53 of the Complaint set forth conclusions of law, no answer is required.

54. Denied. To the extent the allegations contained in paragraph 54 of the Complaint set forth conclusions of law, no answer is required.

55. The allegations contained in paragraph 55 of the Complaint set forth conclusions of law to which no answer is required. To the extent the allegations contained in paragraph 55 of the Complaint set forth factual allegations, they are denied.

The prayer for relief paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever.

## COUNT II
## VIOLATION OF AMERICANS WITH DISABILITES ACT, AS AMENDED BY THE ADA AMENDMENTS ACT OF 2008
## 42 U.S.C. § 12101, et seq.

56. Defendant incorporates by reference paragraphs 1 through 55 of the Complaint, as set forth herein in their entirety.

57. The allegations contained in paragraph 57 of the Complaint set forth conclusions of law to which no answer is required. To the extent the allegations contained in paragraph 57 of the Complaint set forth factual allegations, they are denied.

58. Defendant lacks sufficient information to admit or deny the allegations in paragraph 58 of the Complaint, and therefore denies such allegations. To the extent the

allegations contained in paragraph 58 of the Complaint set forth conclusions of law, no answer is required.

59. Defendant lacks sufficient information to admit or deny the allegations in paragraph 59 of the Complaint, and therefore denies such allegations. To the extent the allegations contained in paragraph 59 of the Complaint set forth conclusions of law, no answer is required.

60. Admitted in part, denied in part. Defendant admits only that Plaintiff requested limiting his workweek to a maximum of 40 hours per week and requested to avoid dusty, dirty, oily areas on the work floor. The remaining allegations in paragraph 60 of the Complaint are denied.

61. The allegations contained in paragraph 61 of the Complaint set forth conclusions of law to which no answer is required. To the extent the allegations contained in paragraph 61 of the Complaint set forth factual allegations, they are denied.

62. The allegations contained in paragraph 62 of the Complaint set forth conclusions of law to which no answer is required. To the extent the allegations contained in paragraph 62 of the Complaint set forth factual allegations, they are denied.

63. Denied.

64. The allegations contained in paragraph 64 of the Complaint set forth conclusions of law to which no answer is required. To the extent Plaintiff makes factual allegations in paragraph 64 of the Complaint, they are denied.

65. The allegations contained in paragraph 65 of the Complaint set forth conclusions of law to which no answer is required. To the extent Plaintiff makes factual allegations in paragraph 65 of the Complaint, they are denied.

The prayer for relief paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever.

### COUNT III
### WRONGFUL TERMIANTION OF EMPLOYMENT FOR PRUSUIT OF WORKERS' COMPENSATION CALIMS IN VIOLATION OF
### SHICK v. SHIRLEY, 716 A.2D 1231 (Pa. 1998)

66. Defendant incorporates by reference paragraphs 1 through 65 of the Complaint, as set forth herein in their entirety.

67. The allegations contained in paragraph 67 of the Complaint set forth conclusions of law to which no answer is required. To the extent the allegations contained in paragraph 67 of the Complaint set forth factual allegations, they are denied.

68. The allegations contained in paragraph 68 of the Complaint set forth conclusions of law to which no answer is required. To the extent the allegations contained in paragraph 68 of the Complaint set forth factual allegations, they are denied.

69. The allegations contained in paragraph 69 of the Complaint set forth conclusions of law to which no answer is required. To the extent Plaintiff makes factual allegations in paragraph 69 of the Complaint, they are denied.

70. Denied. The allegations contained in paragraph 70 of the Complaint set forth conclusions of law to which no answer is required. To the extent the allegations contained in paragraph 70 of the Complaint set forth factual allegations, they are denied.

The prayer for relief paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever.

**WHEREFORE,** Defendant respectfully requests that Plaintiff's Complaint be dismissed in its entirety with prejudice and that Defendant be awarded attorneys' fees and costs.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted in some or all of the counts in his Complaint.

### SECOND AFFIRMATIVE DEFENSE

Some or all of the claims may be barred by Plaintiff's failure to exhaust administrative remedies, lack of jurisdiction, and the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Defendant acted at all times in good faith, without discriminatory intent, and in accordance with all applicable local, state and federal laws, statutes, ordinances, and regulations.

### FOURTH AFFIRMATIVE DEFENSE

Defendant had legitimate, nondiscriminatory, job-related reasons for all of its actions alleged in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

Although Defendant denies that any actionable conduct occurred, Plaintiff unreasonably failed to take advantage of the preventative and/or corrective opportunities provided by Defendant or to otherwise avoid any alleged harm.

### SIXTH AFFIRMATIVE DEFENSE

Although Defendant denies that any actionable conduct occurred, Defendant exercised reasonable care to prevent and/or timely, appropriately, and correctly remedy any known alleged harassing or discriminatory conduct.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff may have failed to mitigate any alleged damages, his entitlement to which is expressly denied.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the doctrines of unclean hands, waiver and/or estoppel.

## NINTH AFFIRMATIVE DEFENSE

Any and all damages allegedly sustained by Plaintiff are the direct and proximate result of his own conduct and performance.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover liquidated or punitive damages nor has Plaintiff set forth a claim for compensatory damages.

## ELEVENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained damages in the form of emotional injury by reason of that which is alleged in the Complaint, which allegations are denied, Plaintiff's exclusive remedy for such damages is governed by the Pennsylvania Workers' Compensation statute.

**WHEREFORE**, Defendant respectfully requests that this Court:

    a.    Dismiss the complaint in its entirety with prejudice;

    b.    Deny each and every demand, claim and prayer for relief contained in the complaint;

    c.    Award to Defendant reimbursement for reasonable attorneys' fees and costs incurred in defending this meritless and vexatious action; and

    d.    Grant such other and further relief as the Court may deem just and proper.

Defendant reserves the right to amend its answer, to add additional or other defenses, to delete or withdraw defenses, and to add other claims as they may become necessary after a reasonable opportunity for appropriate discovery.

                                        Respectfully Submitted,

                                        /s/Rick Grimaldi_____
Rick Grimaldi
Alacoque Hinga Nevitt
JACKSON LEWIS LLP
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102-1317
Tel 267-319-7802
Fax 215-399-2249
grimaldir@jacksonlewis.com
alacoque.nevitt@jacksonlewis.com

ATTORNEYS FOR DEFENDANTS

Dated: February 17, 2012

**CERTIFICATE OF SERVICE**

We hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those registered as non-registered participants on February 17, 2012.

/s/Rick Grimaldi_____
Rick Grimaldi
Alacoque Hinga Nevitt
JACKSON LEWIS LLP
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102-1317
Tel 267-319-7802
Fax 215-399-2249
grimaldir@jacksonlewis.com
alacoque.nevitt@jacksonlewis.com

ATTORNEYS FOR DEFENDANTS

4811-9256-4494, v.  1